UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Silvestri

    v.　　　　　　　　　　　　　　　　Civil No. 24-cv-258-LM-TSM
　　　　　　　　　　　　　　　　　　　　Opinion No. 2025 DNH 064 P
United States of America

**O R D E R**

Petitioner Richard Silvestri moves under 28 U.S.C. § 2255 to vacate his convictions on two counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). He contends that vacatur is justified in light of alleged grand juror misconduct. The petition is before the court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"). For the following reasons, Silvestri's petition is dismissed without prejudice.

**STANDARD OF REVIEW**

A prisoner serving a sentence imposed by a federal court may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); accord Kenney v. United States, Civ. No. 20-cv-207-LM, 2020 WL 869791, at *1 (D.N.H. Feb. 21, 2020). Upon filing, the court examines the petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the movant is not entitled to relief." 2255 Rules, Rule 4(b). If it is plain that the petitioner is not entitled to relief, the petition must be dismissed. Id. Otherwise, the court generally directs the government to respond. Id.

## BACKGROUND

Silvestri entered guilty pleas without a plea agreement to the aforementioned counts of sexual exploitation of children in June 2018. In December of that same year, the court sentenced him to a below-guidelines sentence of 600 months' imprisonment. See United States v. Silvestri, Crim. No. 18-cr-4-LM (D.N.H. Dec. 4, 2018) (doc. nos. 29, 33). The First Circuit affirmed his sentence on appeal. United States v. Silvestri, No. 19-1022, 2019 WL 11725424, at *2 (1st Cir. Oct. 8, 2019).

In March 2021, Silvestri filed a petition to vacate his sentence under § 2255 on grounds of ineffective assistance of counsel. Silvestri v. United States, 602 F. Supp. 3d 237, 241 (D.N.H. 2022). In May 2022, the court denied Silvestri's petition following an evidentiary hearing, id. at 239, and declined to issue a certificate of appealability, Silvestri v. United States, Civ. No. 21-cv-207-LM (D.N.H. May 11, 2022). The First Circuit denied Silvestri's motion for a certificate of appealability in March 2023. Silvestri v. United States, No. 22-1506 (1st Cir. Mar. 8, 2023).

Silvestri filed a motion to set aside his conviction in the underlying criminal docket in November 2023. United States v. Silvestri, Crim. No. 18-cr-4-LM (D.N.H. Nov. 27, 2023) (doc. no. 41). The grounds for relief Silvestri raised in that motion are materially identical to the grounds raised in the instant petition. The court construed Silvestri's motion as seeking relief under § 2255, and denied the motion

2

without prejudice because it was Silvestri's second § 2255 petition and he had not shown compliance with § 2255(h). Id. (doc. no. 44).

Silvestri filed the instant § 2255 petition in August 2024. He does not allege that he has obtained authorization from the First Circuit to file the instant petition.

## DISCUSSION

Section 2255 "is the exclusive avenue for a [federal] prisoner to challenge the fact or duration of his conviction or sentence." Fusco v. Grondolsky, No. 17-1062, 2019 WL 13112044, at *1 (1st Cir. June 18, 2019). This is at least the second § 2255 petition Silvestri has filed seeking to set aside his convictions in this matter.

"A second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain . . . (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The First Circuit has interpreted § 2255(h) as "stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has

3

decreed that it may go forward." Bucci v. United States, 809 F.3d 23, 26 (1st Cr. 2015) (quoting Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Here, despite the court's previous order dismissing a materially identical § 2255 petition for failure to obtain the First Circuit's authorization, Silvestri has filed the instant habeas petition without demonstrating compliance with § 2255(h). This court accordingly lacks jurisdiction over Silvestri's petition, and for that reason it is plain he is not currently entitled to relief. 2255 Rules, Rule 4(b).

For these reasons, doc. no. 1 is dismissed without prejudice.[1] The clerk is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 20, 2025

cc:   Counsel of Record

---

[1] Silvestri's motion for records pertaining to the grand jury selection process (doc. no. 2) is accordingly denied as moot.

4