UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Silvestri

    v.                              Civil No. 24-cv-258-LM-TSM
                                          Opinion No. 2025 DNH 076 P

United States of America

**O R D E R**

On May 20, 2025, the court issued an order dismissing Petitioner Richard Silvestri's § 2255 petition because it was at least the second such petition Silvestri had filed and he did not demonstrate compliance with § 2255(h). Doc. no. 3. Presently before the court is Silvestri's motion to vacate that dismissal. Doc. no. 5. Silvestri's motion is denied.

Silvestri argues that he need not comply with § 2255(h) because his petition was not a second or successive petition within the meaning of § 2255(h). According to Silvestri, § 2255(h) does not apply because he could not reasonably have discovered the facts underlying the claim he brought in the instant petition at the time he filed his first petition. This argument is foreclosed by Bucci v. United States, 809 F.3d 23, 27-28 (1st Cir. 2015). Bucci explains that, "[i]n § 2255(h)(1), Congress expressly recognized the existence of situations in which newly discovered evidence might justify a second or successive petition." 809 F.3d at 27. Rather than exempt claims relying on newly discovered evidence from the general bar on second or successive petitions, "Congress chose to allow such a petition only when the evidence would prove the prisoner's innocence." Id. In other words, Congress "meant" for § 2255(h) to apply to claims based on newly discovered evidence. Id.

(quoting Jamison v. United States, 244 F.3d 44, 47 (1st Cir. 2001)); see also Anderson v. Divris, 138 F.4th 625, 636 (1st Cir. 2025) (explaining that "a claim in a later-filed petition based on newly discovered evidence" is "plainly barred" unless the claim goes to the petitioner's actual innocence). Thus, even if Silvestri could not have learned of the factual basis for his claim at the time he filed his first petition, that does not mean § 2255(h) is inapplicable.

Silvestri further argues that he brought his instant petition under § 2255(f)(4), which provides that the one-year limitations period applicable to § 2255 petitions begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). However, the court did not dismiss Silvestri's petition on the grounds that he brought it outside the applicable limitations period; the court dismissed his petition because it was a second or successive petition and he did not demonstrate compliance with § 2255(h).

Silvestri finally argues that excusing his noncompliance with § 2255(h) is necessary to prevent injustice. While "AEDPA's 'stringent filters [may be] harsh,'" the court is not free to rewrite the statute's clear language or ignore binding precedent. Bucci, 809 F.3d at 27 (quoting Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2003)).

For these reasons, document number 5 is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 26, 2025
cc:   Richard Silvestri, pro se

2